

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RICHARD BARKSDALE and
JESSIE BARKSDALE, individually and
on behalf of their minor children,
HEATHER BRATCHER, HANNAH
BRATCHER, TABITHA BARKSDALE,
and VICTORIA BARKSDALE

VERSUS                                                                CIVIL ACTION

VOYAGER PROPERTY AND                                  NO. 06-800-JVP-SCR
CASUALTY INSURANCE COMPANY

## RULING ON MOTION FOR
## PARTIAL SUMMARY JUDGMENT

On October 12, 2006, defendant, Voyager Property and Casualty Insurance Company ("Voyager") removed this matter from the 21st Judicial District Court, Parish of Livingston. The original state court petition alleges that Hurricane Katrina caused damage to plaintiffs' home in the form of "excess water that escaped and spread into multiple portions of plaintiff's [sic] residence, specifically including but not limited to the ceiling in plaintiff's [sic] center bedroom and the ceiling in plaintiffs' master bedroom" (original petition, ¶ 2). Plaintiffs allege the damage to have resulted from a "leak," which in addition to causing structural damage also caused the formulation of stachybotrys (black) mold to such a degree that the home is uninhabitable (original petition, ¶ 7). Plaintiffs allege further that Richard Barksdale

has been exposed to mycotoxin-producing substances that have posed a continuing hazard to his health (original petition, ¶ 9) and that Jessie Barksdale and the minor daughters have each suffered illness; Victoria, in particular, allegedly became so ill as to require a five-day hospital stay (original petition, ¶ 10).  As of the date of the filing of the original petition, plaintiffs allege that defendant had tendered only $3,638.66, am amount far short of sufficient compensation (original petition, ¶ 14). Plaintiffs allege breach of contract and, in addition to damages, seek a penalty for defendant's "arbitrary, capricious, and without probable cause" failure to pay.

This matter is currently before the court on an unopposed motion for partial summary judgment by defendant, seeking to deny plaintiffs' recovery under any claims relating to bodily injuries or illness on the grounds that there are no issues of material fact that such claims are not covered by the relevant insurance policy (doc. 13).  Jurisdiction is based upon 28 U.S.C. § 1332.  There is no need for oral argument.

Defendant has submitted the following statement of undisputed material facts (doc. 13-5):

1. Voyager issued a policy of insurance to Richard Barksdale, covering the mobile home located at 24809 Raven Drive, Denham Springs, Louisiana, policy number CLA0874898, which was in effect on August 29, 2005.

2. On August 29, 2005, Richard Barksdale, along with his wife, Jessie Barksdale, and their minor children, Heather Bratcher, Hannah Bratcher, Tabitha Barksdale, and Victoria Barksdale, were residing in the mobile home located at 24809 Raven Drive, Denham Springs, Louisiana, covered by said policy.

3.  The Voyager policy provided comprehensive coverage for damage to the mobile home, and personal liability coverage, for protection against accidents that happen to someone else, but for which the insured is legally responsible.[1]

4.  The Voyager policy does not provide coverage for bodily injury or illness to the insured or any resident of the property.[2]

Because the motion is unopposed, all material facts set forth by defendant are deemed admitted for purposes of this motion. LR56.2.

In support of its motion, defendant notes that the comprehensive coverage section of the policy does not include any provision for coverage to bodily injury or illness to the insured, or any resident of the property and, in addition, that the personal liability section of the policy specifically excludes coverage for bodily injury, sickness, disease or death of the insured or any resident of the mobile home, including minor children of the insured. The court has reviewed the policy and, having not been directed by plaintiffs to any policy or statutory language to the contrary, agrees with defendant.

Accordingly, the motion for partial summary judgment by defendant, Voyager Property and Casualty Insurance Company (doc. 13) is hereby **GRANTED** and

---

[1]This is a conclusion of law, not a fact. It is, however, correct.

[2]This is a conclusion of law, not a fact. It is, however, correct.

plaintiffs are barred from seeking any damages from this defendant relating to plaintiffs' bodily injuries or illness.

Baton Rouge, Louisiana, April 7, 2008.

JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA